UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-62408-SINGHAL

PHILIPPE CALDERON and ANCIZAR MARIN,
on behalf of themselves and all others similarly
situated,

    Plaintiffs,

v.

SIXT RENT A CAR, LLC,

    Defendant.
_____/

## ORDER ON MOTION FOR EXTENSION OF TIME AND MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on two motions filed by Defendant: (1) for extension of time to file an answer to the complaint (DE [36]); and (2) for reconsideration of the Court's Order Denying Defendant's motion to dismiss as to Calderon's claim (DE [37]).

On February 12, 2020, the Court issued the Memorandum Decision and Order, which denied Defendant's[1] motions to dismiss as to certain claims and motion to compel arbitration as to other claims. *See* Mem. Decision & Order (DE [30]). On February 25, 2020, the day before Defendant's answer was due, *id.*, Defendant filed the two instant motions. In the motion for extension of time, Defendant asks the Court to extend the time to file its answer to Calderon's claims until fourteen days after the disposition of the motion for reconsideration. Mot. for Extension of Time 1 (DE [36]). It also asks the Court to

---

[1] Defendant Sixt Franchise USA, LLC has since been voluntarily dismissed from this action.

extend the time to file its answer to Marin's claims "until fourteen days after all appeals concerning the Court's Order denying the Motion to Compel Arbitration of Marin's Claims." *Id.*

In the motion for reconsideration, Defendant suggests the Court committed clear error in denying the motion to dismiss because Calderon has not suffered an injury and thus lacks standing to bring this action. *See* Mot. for Recons. 4–11 (DE [37]). The Court finds the arguments raised in the motion are neither novel nor persuasive. Unconvinced by Defendant's arguments, the Court **DENIES** the motion for reconsideration (DE [37]).

As for the relief sought in the motion for extension of time, Defendant's answer was due February 26, 2020—coincidentally fourteen days ago. Plaintiffs, in their joint response in opposition, note that on February 26, 2020, Defendant had 146 days since being served the Complaint. *See* Resp. in Opp'n to Mot. for Extension of Time (DE [41]). As of the date of this order, it will have been 160 days since Plaintiffs served the complaint on Defendant. The time to answer the complaint has passed and the time to commence this litigation has come. As to Calderon's claims, Defendant's motion for extension of time is **DENIED** to the extent that it seeks fourteen days. Defendant's answer is due within **seven (7) days** from the date of this order.

However, Defendant's argument as to Marin's claims—those subject to the motion to compel arbitration—is well taken. Despite the Court having rejected its argument on the merits, the Eleventh Circuit has instructed district courts to stay actions pending appeal from orders denying motions to compel arbitration. *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004). Defendant represents that it will take an interlocutory appeal of the Court's order on the issue of arbitration. However,

without a notice of appeal filed—and, therefore, a motion to stay pending appeal deriving therefrom—the Court lacks the ability formally to stay the proceedings as to Marin's claims. While the Court has no reason to doubt Defendant's intent on appealing the issue, the Court will not sit idly at the expense of Marin and his right to prosecute his case.

Consequently, the motion for extension of time as to Marin's claims is **DENIED** to the extent as follows: The Court instructs Defendant to file its answer as to Marin's claims within **fourteen (14) days** from the date of this order. Upon Defendant's filing its notice of appeal, it may also move for a stay pending appeal. At that juncture, the Court will be bound by *Blinco* and will rule accordingly.

In sum, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's motion for reconsideration (DE [37]) is **DENIED**.

2. Defendant's motion for extension of time as to Calderon's claims (DE [36]) is **DENIED**. Defendant shall file its answer as to Calderon's claims **within (7) days** from the date of this order.

3. Defendant's motion for extension of time as to Marin's claims (DE [36]) is **DENIED**. Defendant shall file its answer as to Marin's claims **within fourteen (14) days** from the date of this order. Nothing in the order should be construed as to prejudicing Defendant's right to file a motion to stay pending appeal.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of March 2020.

_____
**RAAG SINGHAL**
**UNITED STATES DISTRICT JUDGE**

Copies to counsel via CM/ECF