UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **PHILIPPE CALDERON, ANCIZAR MARIN, AND AMIR CHARNIS**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **SIXT RENT A CAR, LLC**, <br><br> Defendant. | Case No. 19-62408-CIV-SINGHAL |

**JOINT MOTION TO STAY ALL CASE DEADLINES AND PENDING MOTIONS**

Pursuant to Federal Rule of Civil Procedure 6(b), the Parties to the above-captioned action, through their undersigned counsel, jointly move this Court for an order, *inter alia*, (1) staying all case deadlines, and (2) staying the briefing deadlines for and the resolution of all pending motions, for ninety (90) days so that the Parties may explore opportunities for settlement. In support of this Joint Motion, the Parties state as follows.

**FACTUAL AND PROCEDURAL HISTORY**

**I.     The Pleadings, Motions Concerning The Pleadings, And The Pending Appeal.**

1.     On September 26, 2019, Plaintiffs Philippe Calderon ("Calderon") and Ancizar Marin ("Marin") filed their Class Action Complaint [D.E. 1] against Sixt, bringing claims on behalf of a class of individuals they allege to have suffered damages as a result of Sixt's alleged violations of Fla. Stat. §501.201, *et seq.* and Fla. Stat. §559.72(9), as well as claims based on alleged breaches of contracts with the class.

2.     On November 15, 2019, Sixt filed a Motion to Dismiss Plaintiff Calderon's Claims [D.E. 11] and a Motion to Compel Arbitration of Plaintiff Marin's Claims [D.E. 12].

9

On February 12, 2020, this Court entered its Memorandum Decision and Order denying both motions. [D.E. 30].

3. Sixt filed its Notice of Appeal as to the Court's Memorandum Decision and Order on March 11, 2020 [D.E. 44] and also filed a Motion to Stay Pending Appeal of Order Denying Motion to Compel Arbitration of Plaintiff Marin's Claims [D.E. 45]. On March 12, 2020, this Court entered its Order Staying Action as to Ancizar Marin's Claims Pending Appeal of Order Denying Motion to Compel Arbitration. [D.E. 46]. That appeal has been fully briefed and is currently pending before the Eleventh Circuit.

4. Sixt filed its Answer and Affirmative Defenses to Counts I, II, and V of the Complaint asserted by Plaintiff Calderon on March 18, 2020. [D.E. 49].

5. Sixt filed an Amended Answer and Affirmative Defenses to Plaintiff Calderon's claims on June 4, 2020. [D.E. 67].

6. On August 29, 2020, Plaintiffs Calderon, Marin, and Amir Charnis ("Charnis") filed an Amended Complaint [D.E. 74], that, *inter alia*, amended certain allegations, amended certain claims, and amended the definitions of the proposed classes.

7. On September 11, 2020, Sixt filed a Partial Motion to Dismiss Calderon's Claims [D.E. 80] and a Motion to Compel Arbitration of Charnis's Claims [D.E. 83]. Plaintiffs filed their oppositions to those motions on October 9, 2020. [D.E. 90, 91]. Sixt's reply briefs are currently due on October 30, 2020. [D.E. 86]. Both of those motions filed in response to the Amended Complaint are pending resolution.

**II.    The Discovery Conducted To Date And Anticipated To Be Conducted.**

8. The discovery conducted by the Parties through August 2020 is detailed in their: (1) Joint Motion to Amend Scheduling Order. [D.E. 69], which the Court granted [D.E. 70]; and (2) Joint Motion to Amend Order Dated August 28, 2020 [D.E. 73] and

9

Extend the Parties' Deadline for Submitting a Joint Amended Scheduling Report [D.E. 78], which is pending resolution.

9. On September 15, 2020, Sixt took the remote depositions of Calderon and the second driver of his car rental at issue. The deposition of Calderon was not completed and Sixt plans to continue his deposition when it can be taken in person at a later date.

10. Plaintiffs took the deposition of Matthias Lenk, Sixt's VP of Risk, who is in charge of its claims department, on September 1, 2020.

11. Sixt sought to take the depositions of certain putative class members via subpoenas. On October 6, 2020, Plaintiff filed a Motion to Quash or Modify Deposition Subpoenas to Non-party Absent Class Members and for a Protective Order. [D.E. 87]. Sixt filed its opposition brief to that motion. [D.E. 91]. That motion is fully briefed and pending resolution.

12. In September 2020, the Parties also continued their exchanges of written discovery requests, responses thereto, and document productions.

13. Additionally, the Parties have been negotiating the collection and production of a sampling of records concerning transactions involving putative class member. That process likely will take additional time to complete depending on the negotiation process and the scope of the sampling.

14. Each Party has indicated that it intends to seek additional documents from other Parties or non-parties, and that they may each take additional depositions.

15. However, as evidenced by the foregoing procedural background, the Parties have made significant progress in discovery. They have exchanged hundreds of written discovery requests and responses thereto and produced thousands of pages of documents,

including substantial data and documentation concerning the transactions underlying the claims of the named Plaintiffs and of the putative class members. The parties have also exchanged class data.

### III. The Current Case Schedule

16. Pursuant to a joint motion, the Court adopted the Parties' proposed Amended Scheduling Order on July 6, 2020. [D.E. 69, 70].

17. The current schedule is reproduced below:

| Item | Current Date/Deadline |
|---|---|
| Plaintiff Calderon shall disclose any expert witnesses and any expert witnesses' summaries or reports concerning class certification issues | November 20, 2020 |
| Sixt shall disclose any expert witnesses and any expert witnesses' summaries or reports concerning class certification issues | December 11, 2020 |
| Parties shall exchange rebuttal expert witness summaries or reports concerning class certification issues | January 15, 2021 |
| Parties shall complete all class certification discovery, including any expert discovery | February 26, 2021 |
| Parties shall complete mediation and file a mediation report with the Court | February 26, 2021 |
| Plaintiff Calderon shall file any motion for class certification | March 31, 2021 |
| Sixt shall file an opposition to any motion for class certification | May 28, 2021 |
| Plaintiff Calderon shall file a reply in support of any motion for class certification | June 28, 2021 |
| Parties shall file any *Daubert* motions concerning any expert opinions offered in connection with any motion for class certification | July 12, 2021 |

[D.E. 70].

9

18.     The Court's Order dated August 28, 2020 authorized Plaintiffs to file the Amended Complaint, and ordered "the parties are to meet and confer and, within fourteen (14) days from the date of this order, submit an amended joint scheduling report with new proposed relevant dates and information required by Local Rule 16.1(b)(2) and (3)." [D.E. 73] The Order further stated that "[t]he parties are strongly encouraged to target a trial date in June 2021." *Id.*

19.     Due to the motions filed in response to the Amended Complaint, the pending appeal, and other issues identified in the Parties' Joint Motion to Amend Order Dated August 28, 2020 [D.E. 73] and Extend the Parties' Deadline for Submitting a Joint Amended Scheduling Report [D.E. 78], the Parties have asked the Court to: (1) extend the deadline for the Parties to file a joint amended scheduling report until fourteen (14) days after the Court resolves the motions filed in response to the Amended Complaint, and (2) authorize the Parties to submit a joint amended scheduling report that retains the structure of the current Amended Scheduling Order [D.E. 70], by including dates only through class certification and which does not propose a particular trial date. As noted above, that joint motion remains pending.

20.     As a result, the case deadlines listed in the Amended Scheduling Order [D.E. 70] are still in effect. Most notably, the Parties' expert disclosures are currently due in the next few months, beginning with Plaintiffs' expert disclosures due in mid-November and Defendant's expert disclosures due in December, and precertification discovery is set to close in a little over four (4) months.

**IV.     Opportunity To Explore Settlement**

21.     This is a complex case involving putative class claims seeking monetary, injunctive, and declaratory relief for thousands customers whose car rentals occurred across the

United States over a period of more than five years. Given these complexities, any settlement of this putative class action likely will a considerable effort and a substantial amount of time to negotiate, and may require one or more mediation sessions to reach an agreement on the structure, terms, and process for any settlement.

22. The Parties believe that they have exchanged sufficient discovery and briefing on the issues to enable them to determine the scope of their claims and defenses, to evaluate the merits of those claims and defenses, and to estimate the potential risks and rewards associated with further litigation of those claims and defenses.

23. The Parties forecast that both sides will incur significant time and expense in connection with the additional precertification discovery (including production and review of sample records, depositions, and expert disclosures), motions, and a motion for class certification—which could be saved if the Parties are able to negotiate a settlement.

24. The Parties believe that this moment presents an opportunity to engage in settlement discussions, which likely will include mediation. To facilitate settlement discussions, however, it is necessary and appropriate for the Parties to conserve their resources and focus their attention on the negotiations instead of engaging in further motion practice and discovery.

25. Consequently, there is good cause to stay all case deadlines and pending motions (including any remaining briefing and the resolution thereof) so that the Parties can concentrate their time, resources, and effort on settlement negotiations.

**RELIEF REQUESTED**

26. Accordingly, the Parties respectfully request that the Court enter an order, *inter alia*, (1) staying all case deadlines, and (2) staying the briefing deadlines for and the resolution of all pending motions, for ninety (90) days so that the Parties may explore opportunities for

9

settlement. The Parties also will provide a status report within the ninety-day period, notifying the Court of any settlement, providing a report on the progress of settlement negotiations, indicating whether they request an extension of the stay, and/or providing recommendations for case deadlines and the resolution of the pending motions if a settlement is not reached or an extension of the stay is not requested.

**WHEREFORE**, the Parties respectfully request that the Court enter an order:

1. staying all case deadlines set forth in its Amended Scheduling Order on July 6, 2020 [D.E. 70];

2. staying the deadlines set forth in the Order dated September 22, 2020 [D.E. 86] for Sixt to file its reply supporting its Partial Motion to Dismiss Calderon's Clams [D.E. 80] and its reply supporting its Motion to Compel Arbitration of Charnis's Claims [D.E. 83];

3. staying the resolution of all pending motions, including:

    a. The Parties' Joint Motion to Amend Order Dated August 28, 2020 and Extend the Parties' Deadline for Submitting a Joint Amended Scheduling Report [D.E. 78];

    b. Sixt's Partial Motion to Dismiss Calderon's Clams [D.E. 80];

    c. Sixt's Motion to Compel Arbitration of Charnis's Claims [D.E. 83]; and

    d. Plaintiff's Motion to Quash or Modify Deposition Subpoenas [D.E. 87]; and

4. ordering the Parties to file a joint status report by no later than ninety (90) days after the entry of the order, notifying the Court of any settlement, providing a

report on the progress of settlement negotiations, indicating whether they request an extension of the stay, and/or providing recommendations for case deadlines and the resolution of the pending motions if a settlement is not reached or an extension of the stay is not requested.

Respectfully submitted this 27th day of October, 2020.

| **VARNELL & WARWICK, P.A.** | **FISHERBROYLES, LLP** |
|---|---|
| /s/ Brian W. Warwick<br>Brian W. Warwick<br>Janet R. Varnell<br>Matthew Peterson<br>Erika Roxanne Willis<br>Varnell & Warwick, P.A.<br>1101 E. Cumberland Avenue<br>Suite 201H, #105<br>Tampa, FL 33602<br>T: (352) 753-8600<br>F: (352) 504-3301<br>bwarwick@varnellandwarwick.com<br>jvarnell@varnellandwarwick.com<br>mpeterson@varnellandwarwick.com<br>ewillis@varnellandwarwick.com<br><br>**GORDON & DONER, P.A.**<br><br>/S/ Steven G. Calamusa<br>Steven G. Calamusa<br>FBN: 992534<br>4114 Northlake Blvd.<br>Palm Beach Gardens, FL 33410<br>T: (561) 799-5070<br>F: (561) 799-4050<br>scalamusa@fortheinjured.com<br>SGC.pleadings@fortheinured.com<br><br>***Attorneys for Plaintiffs*** | /s/ Irene Oria<br>Irene Oria, Esq.<br>FL Bar No. 484570<br>199 E. Flagler St. #550<br>Miami, FL 33131<br>Tel.: (786) 536-2838<br>irene.oria@fisherbroyles.com<br><br>/s/ Patrick M. Emery<br>Patrick M. Emery (Admitted *Pro Hac Vice*)<br>PA Bar No. 306672<br>GA Bar No. 821303<br>945 East Paces Ferry Rd NE Suite 2000<br>Atlanta, GA 30326<br>(404) 793-0652<br>patrick.emery@fisherbroyles.com<br><br>***Attorneys for Defendants*** |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

*/s/ Irene Oria*